UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| YOUNG PHARMACEUTICALS, INC., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:07-cv-1568 (PCD) |
| | : | |
| NV PERRICONE LLC, et al., | : | |
| Defendants. | : | |

## RULING ON MOTION TO DISMISS COUNTERCLAIMS

Young Pharmaceuticals, Inc., ("YPI") brought this suit against N.V. Perricone, LLC ("NVP"), East End Laboratories ("East End"), Altaire Pharmaceuticals, Inc. ("Altaire"), and Sorenco Laboratories, Inc. ("Sorenco") (collectively "Defendants"), alleging violations of the Lanham Act, 15 U.S.C. § 1125, the Connecticut Uniform Trade Secret Act ("CUTSA"), Conn. Gen. Stat. §§ 35-51 et seq., the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110 et seq., and breach of contract. NVP filed several counterclaims against YPI, which now moves to dismiss Counts Three and Four of NVP's counterclaims. For the reasons stated below, YPI's Motion to Dismiss [Doc. Nos. 21, 22] is **granted in part** and **denied in part.**

### I.    BACKGROUND

YPI is a developer and marketer of proprietary skin care products sold by dispensing dermatologists and plastic surgeons in the United States and Canada. (Compl. ¶ 9.) Beginning in February 2001, Clinical Creations LLC (the predecessor to Defendant NVP), hired YPI to formulate and/or reformulate thirteen products for sale by NVP, under the current brand "N.V. Perricone, M.D. Cosmeceuticals," which NVP later marketed. (Id. at ¶ 10.)

In May 2003, NVP advised YPI that it was interested in a reformulation of one of the

existing products that YPI had previously formulated for NVP. (Compl. ¶ 11.) YPI proposed to NVP that it would develop another formulation, an acne gel cream, at its own cost, recovering its investment through YPI's sale of the finished product to NVP over time. (Id. at ¶¶ 11, 12.)

YPI further alleges that in July 2003, it engaged Defendant East End to manufacture the cream, which entailed a disclosure of YPI's trade secret formulation of the cream under a confidentiality agreement between YPI and East End. (Compl. ¶ 13.) As required by federal regulations, NVP paid YPI $30,000 for stability and validation studies of the cream manufactured by East End. (NVP's Answer ¶ 14.) Upon completion of those studies, NVP made a single order for a number of tubes of the cream to YPI, who forwarded the order to East End for manufacturing. Subsequent to that purchase, NVP has not placed a purchase order to YPI for additional batches of the cream. (Compl. ¶ 19.) YPI has never disclosed the trade secret formulation for the cream to NVP. (Id. at ¶ 20.)

In 2004, NVP instructed East End to develop a different formulation of its acne treatment gel cream than the YPI formulation. (Compl. ¶ 22.) YPI alleges that the packaging and labeling for that acne gel cream, distributed by NVP and manufactured by East End, as well as by defendant Sorenco, are identical to the packaging and labeling used in the original batch of cream formulated by YPI. (Id. at ¶ 24.) Furthermore, YPI alleges that East End's formulation of the cream is pharmacologically identical to the trade secret formulation that YPI disclosed to East End under a confidentiality agreement. (Id. at ¶ 29.) Accordingly, YPI alleges that NVP requested East End to manufacture a substitute acne gel cream produced according to YPI's trade secret formulation without YPI's permission. (Id. at ¶¶ 30, 31.)

On October 25, 2007, YPI commenced the present suit, alleging that defendants NVP,

East End, Altaire, and Sorenco violated the Lanham Act, 15 U.S.C. § 1125, and four claims arising under state law through its actions relating to the acne gel cream formulation. On December 28, 2007, YPI filed a complaint against NVP in the Superior Court of Connecticut now pending as Young Pharmaceuticals, Inc. v. N.V. Perricone, LLC et al., Case No. CV-08-5007126-S ("the state action"), alleging NVP's actions: (1) violated an alleged contract of June 21, 2001; (2) amounted to tortious misconduct; (3) breached an implied covenant of good faith and fair dealings; (4) caused YPI to rely on the contract to its detriment; and (5) violated CUTPA. (Def.'s Mem. in Opp'n to Pl.'s Mot. to Dismiss 2.) On August 1, 2008, the state court denied NVP's motion to dismiss the state action pursuant to the prior pending action doctrine, concluding that the because the federal action primarily seeks damages for violations of federal trademark law and names three additional defendants, the two matters are dissimilar. (See YPI's Supp. Mem., Ex. A, State Court Mem. of Decision at 5.)

On March 3, 2008, NVP filed Counterclaims in this court against YPI. In Count Three of NVP's counterclaims, NVP seeks a declaratory judgment that all counts of YPI's state complaint are without factual or legal basis and should be dismissed. (Countercl. ¶ 20.) NVP maintains that this court has subject matter jurisdiction over the state action claims because there is a preexisting case or controversy between the parties, in that all of the claims, both in the state action and the present one, arise from YPI's work to formulate and/or reformulate NVP products. (Id. at ¶ 18.)

In Count Four of NVP's counterclaims, NVP seeks a declaratory judgment that YPI's intended actions with respect to the products it has formulated and/or reformulated for NVP would constitute a theft of NVP's data rights and a misappropriation of NVP's trade secrets

3

under Con. Gen. Stat. §§ 35-51 et seq. (Countercl. ¶ 33.) In support of this claim, NVP has pled that YPI has asserted its intention to make, use, and sell products using the formulations or reformulations of NVP products, presumably those which YPI took part in formulating or reformulating. NVP has further pled that YPI's intention is to provide those formulations or reformulations of NVP products to others so that they may make, use, and sell products using the formulations or reformulations of NVP products. (Id. at ¶¶ 22, 23.)

On March 20, 2008, YPI filed a motion to dismiss Count Three of the Defendant's counterclaims on the grounds that NVP is not entitled to a judgment from this Court on different legal issues pending before another court. YPI also moved to dismiss Count Four of the Counterclaims because NVP has not alleged and proved that it was the owner of the product formulations at issue or that YPI had improperly acquired or disclosed any of those trade secret formulations.

## II. STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(1), the court may dismiss a complaint for lack of subject matter jurisdiction when it lacks constitutional authority to adjudicate the suit. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In deciding a motion to dismiss for lack of subject matter jurisdiction, the court "accepts as true all material factual allegations in the complaint. Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998). However, the court refrains from "drawing from the pleadings inferences favorable to the party asserting [jurisdiction]." Id. Finally, on a motion to dismiss pursuant to Rule 12(b)(1), the moving party must establish by a preponderance of the evidence that the court has subject matter jurisdiction over the complaint. See Makarova, 201 F.3d at 113.

In deciding a motion to dismiss under Rule 12(b)(6), well-pleaded facts must be accepted as true and considered in a light most favorable to the non-moving party. Patone v. Clark, 508 F.3d 106, 11 (2d Cir. 2007). The district court may dismiss a claim under Fed. R. Civ. P. 12(b)(6) only if the plaintiff's factual allegations are not sufficient "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1960 (2007). In ruling on a motion to dismiss, the Court may consider only the allegations made in the complaint, documents attached to the complaint, documents incorporated into the complaint by reference, and any facts of which judicial notice may be taken. See Newman & Schwartz v. Asplundh Tree Expert Co., 102 F.3d 660, 662 (2d Cir. 1996); Brass v. Am. Film Techn., Inc., 987 F.2d 142, 150 (2d Cir. 1993). A motion to dismiss is properly granted when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." In re Scholastic Corp. Sec. Litig., 252 F.3d 63, 69 (2d Cir. 2001) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73, (1984)). "The function of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of evidence which might be offered in support thereof." Ryder Energy Dist. Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 779 (2d Cir. 1984).

## III. DISCUSSION

### A. Abstention from Review of NVP's Counterclaim for a Declaratory Judgment

The issue currently before this Court is whether a federal court can issue a declaratory judgment resolving issues in a pending state action. In Claim Three of NVP's counterclaims, NVP requests a declaratory judgment with respect to YPI's claims against NVP now pending in the Connecticut state action. YPI encourages this Court to abstain from exercising declaratory

5

jurisdiction in this instance. Generally, federal courts have a "virtually unflagging obligation" to exercise their jurisdiction. Colorado River Water Conservation District v. United States, 424 U.S. 800, 817. However, as made clear in Brillhart v. Excess Insurance Co. of America, 316 U.S. 491 (1962) and affirmed in Wilton v. Seven Falls Co., 515 U.S. 277 (1995), "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdiction prerequisites." Id. at 282.

While Brillhart did not establish an exclusive set of factors governing the exercise of discretion, it did indicate that, ordinarily, it would be "uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Brillhart, 316 U.S. at 495 (district court erred in dismissing action for declaratory judgment absent any finding that insurance company's declaratory relief action could have been raised in the state court proceeding). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Wilton, 515 U.S. at 288. The general goal of the abstention inquiry is to determine whether the question at issue in the federal suit "can better be settled in the proceeding pending in the state court." Id. at 282; see also Nat'l Union Fire Ins. Co. v. Karp, 108 F.3d 17, 22 (2d Cir. 1997).

NVP's counterclaim for a declaratory judgment must be dismissed because a ruling by this Court resolving the pending state action would violate the principles of federalism and comity at the heart of the abstention doctrine. In Brillhart, the Supreme Court cautioned courts

against indulging in "gratuitous interference with the orderly and comprehensive disposition of state court litigation" by allowing a declaratory judgment action to proceed when a concurrent suit in state court revolving around state law involved the same issues and same parties. Brillhart, 316 U.S. at 495. "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Id. In choosing to exercise jurisdiction, courts must evaluate whether the use of a declaratory judgment would "increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court." Dow Jones & Co., Inc. v. Harrods, Ltd., 346 F.3d 357, 359 (2d Cir. 2003) (internal citations omitted).

In the present case, NVP brought Count Three of its counterclaims in order to consolidate all of the disputes between the parties that have arisen from YPI's formulation/reformulation work, presumably to ensure that the disputes could be resolved in the most efficient manner. Indeed, NVP may be correct in its assertion that all of the claims in the state action could have been brought in the federal suit, and there may be ample reason for the state court to dismiss the action pending before it. However, these issues are not squarely before this Court, and NVP's counterclaim asks this Court to resolve the pending state action in its entirety. The Court sees nothing that justifies such a gratuitous interference with a concurrent state proceeding involving issues of state law over which the state court undisputably has jurisdiction. A declaratory judgment by this Court about the pending state court claims would illegitimately encroach upon the sovereignty of the Connecticut state court in the pending concurrent action. See Travelers Indem. Co. v. Philips Elecs. North Am. Corp., No. 02 Civ. 9800, 2004 U.S. Dist. LEXIS 1298, at

7

*3-4 (S.D.N.Y. Feb. 3, 2004) (abstention warranted in a declaratory judgment action where state law would govern resolutions of a parallel state court action).

In addition to the principles of federalism that dictate dismissal of NVP's Count Three, an analysis of the factors laid out in Brillhart, Wilton, and their progeny does not militate in favor of exercising jurisdiction. The factors this Court may consider in determining whether to exercise declaratory jurisdiction to hear Count Three of NVP's Counterclaims include:

> (1) the scope of the pending state proceeding and the nature of the defenses available there; (2) whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding; (3) whether the necessary parties have been joined; (4) whether such parties are amenable to process in that proceeding….(5) avoiding duplicative proceedings;…(6) avoiding forum shopping….(7) the relative convenience of the forum; (8) the order of filing; and (9) choice of law….

TIG Ins. Co. v. Fairchild Corp., No. 07-cv-8250 (JGK), 2008 U.S. Dist. LEXIS 41452, at *6 (S.D.N.Y. May 23, 2008) (internal citations omitted).

Because both the state and federal actions pending between YPI and NVP are in Connecticut, there appears to be no issue as to the relative convenience of the fora, nor have the parties asserted any choice of law issues associated with either the state or federal forum. Similarly, because NVP is a company with its principal place of business in Connecticut, there is no question that it is amenable to process in the pending state action. Whether the necessary parties have been joined is also not an issue which weighs for or against abstaining from reviewing the declaratory judgment counterclaim. The remainder of the factors to consider in determining whether to exercise declaratory judgment will be reviewed in turn.

**1.     Scope of the Pending State Proceeding and Nature of the Defenses Available**

The first factor in this Court's abstention analysis is whether the claims and/or

counterclaims presented in this suit are either already asserted in the state action or are readily assertable as defenses in that suit. See National Union Fire Ins. Co. v. Warrantech Corp., No. 00 Civ. 5007, 2001 U.S. Dist. LEXIS 1900, at * 9 (S.D.N.Y. Feb. 27, 2001). In the pending state action, the Connecticut Superior Court will have to determine whether Defendant's actions: (1) violated the alleged contract of June 21, 2001; (2) amounted to tortious misconduct; (3) breached an implied covenant of good faith and fair dealings; (4) caused YPI to rely on the 2001 contract to its detriment; and (5) violated CUTPA. Clearly, NVP can assert a counterclaim in the state action as to the legality of the alleged June 21, 2001 contract and subsequent claims that follow from that contract. Declining to exercise jurisdiction in this case will therefore not cause prejudice to any party because the legal matters at issue in Count Three of NVP's counterclaims could be resolved in state court. This factor favors this Court's abstaining from exercising jurisdiction.

### 2. Adjudication of Parties' Claims in State Action

The next relevant factor in the abstention analysis is whether the claims of all parties in interest can satisfactorily be adjudicated in the state action. See General Star Indem. Co. v. Anheuser-Busch Cos., 28 F. Supp. 2d 71, 74 (D. Conn. 1998) (citing Brillhart, 316 U.S. 491 at 495). The claims pending in the state action only raise issues of state law. Thus, both the claims and counterclaims of each party in the state action can satisfactorily be adjudicated in that court. Historically, this has been a major factor in swaying courts to abstain from hearing declaratory judgments. See Wilton, 515 U.S. at 283 (holding that where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, abstention will avoid unnecessary meddling with the state court proceedings). Compare

9

Youell v. Exxon Corp., 74 F.3d 373 (2d Cir. 1996) (district court abused its discretion in dismissing a declaratory judgment action in deference to state court proceedings where there was an important federal question presented.). Moreover, courts have held that declaratory judgment actions which are based on rights that are essentially governed by state law present particularly appropriate cases for the application of the abstention doctrine. See Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 718 (1996). Thus, the absence of any substantive federal interest in the state action weighs heavily in favor of abstention in the present case. See TIG Ins., 2008 U.S. Dist. LEXIS 41452 at *10.

### 3. Duplicative Litigation

Another factor to consider in the abstention analysis is the avoidance of duplicative litigation. Duplicative litigation occurs when two substantially identical lawsuits proceed at the same time. See Dunkin' Donuts Franchised Rests. LLC v. Rijay, Inc., 2007 U.S. Dist. LEXIS 36614, at * 21 n.17 (S.D.N.Y. May 16, 2007). YPI's claims in this Court against multiple defendants are not inextricably intertwined with those claims brought against NVP in the pending state action arising from a separate alleged contract; rather, the state court just decided that the state and federal actions are dissimilar enough to warrant a denial of NVP's motion to dismiss the state action pursuant to the prior pending action doctrine. (See YPI's Supp. Mem., Ex. A, State Court Mem. of Decision, August 1, 2008.) For this Court to now entertain NVP's claim for a declaratory judgment on the state court issues would turn this lawsuit into a duplicate of the state court action and could lead to inconsistent judgments. Thus the principle that a federal district court should avoid proceeding where a concurrent state action presents the same issues involving state law favors dismissal of NVP's declaratory judgment counterclaim.

### 4. Forum Shopping

The reactive nature of either the federal or the state litigation may influence the decision of whether to defer to a parallel state litigation. See Bernstein v. Hosiery Mfg. Corp., 850 F. Supp. 176, 185 (E.D.N.Y. 1994) (suggesting that the "defensive" or "reactive" nature of a federal declaratory judgment suit could be a ground for abstention); see also Telesco v. Telesco Fuel & Mason's Materials, Inc., 765 F.2d 356, 362 (2d Cir. 1985) (citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 17 n.20 (1983)). The present case is distinguishable from other cases in which courts have found forum shopping as a significant reason to abstain. NVP would gain no legal advantage if its counterclaim is reviewed by this Court, as Connecticut state law would be applied in either forum, and NVP's counterclaim does not appear to be overtly vexatious or harassing, as it arguably seeks to consolidate the pending issues before a single court and lead to their efficient adjudication. However, NVP's declaratory judgment counterclaim could also be seen as a tactical maneuver to avoid adjudicating YPI's separate claims in the state action and thereby may be considered forum shopping inasmuch as it is 'reactive' to YPI's state action claims. This factor therefore weighs in slight favor of abstention.

### 5. Order of Filing

NVP further argues against abstention on the basis that the federal action was commenced on October 25, 2007, while the state complaint was filed over two months later, on December 29, 2007. Although the order in which claims are filed is a relevant factor and thus favors this Court entertaining NVP's request, "there can be no mechanistic accrual of rights that attaches by reason of reach the courthouse first, or indeed of engaging in a race at all." Dow Jones & Co. v. Harrods, Ltd., 237 F. Supp. 2d 394, 443 (S.D.N.Y. 2002), aff'd, 346 F.3d 357 (2d Cir. 2003); see

11

also Fireman's Fund Ins. Co. v. Chris-Craft Industries, Inc., 932 F. Supp. 618, 620 (S.D.N.Y. 1996) (holding the fact that the federal action was filed before the state action was not determinative). Moreover, where the plaintiff is the same in both the federal and state actions, the order in which jurisdiction is obtained is of minimal significance. Am. Alliance Ins. Co., v. Eagle Ins. Co., 961 F. Supp. 652, 659 (S.D.N.Y. 1997) (citing Rosser v. Chrysler Corp., 864 F.2d 1299, 1308 (7th Cir. 1988) ("The fact that jurisdiction was obtained first in the federal case is not of significance because here the plaintiff is the party who filed both of the suits.")). Thus, while NVP is correct in its assertion that the federal action precedes the state action, it does not outweigh the principles of federalism and comity that mandate this Court to abstain.

Considering the factors listed above, this Court should abstain from exercising declaratory jurisdiction in deference to the pending state action. Although NVP's burden has been increased by having to litigate claims brought by YPI in two separate venues, the state court is an adequate and more appropriate venue for NVP to assert any counterclaims and defenses to YPI's claims regarding the alleged 2001 contract. Most importantly, it is not for this Court to usurp the power of the Connecticut state court in the pending concurrent action by gratuitously interfering with a case properly before it. Entertaining NVP's request for a declaratory judgment in Count Three would constitute the exact violation of federalism and comity that the abstention doctrine seeks to avoid. Accordingly, this Court declines to review NVP's claim for a declaratory judgment dismissing the claims in the state action, and YPI's motion to dismiss Count Three is granted.

    **B.**    **12(b)(6) Motion to Dismiss Count Four**

In Count Four of NVP's counterclaim, NVP alleges that YPI has asserted its intentions to

make, use and sell products using NVP's formulations, or to provide those formulations or reformulations to others who may then make, use, and sell products out of NVP's formulations. Accordingly, NVP seeks a declaratory judgment that these intended acts constitute a theft NVP's data rights and a misappropriation of trade secrets in NVP's product formulations under Con. Gen. Stat. §§ 35-51 et seq.

In its motion to dismiss, YPI argues that this counterclaim must be dismissed because NVP has not alleged (1) that it was the owner of any of the product formulations that constitute the trade secrets allegedly misappropriated, or that (2) YPI had improperly acquired or disclosed any formulation, as required for a misappropriation claim. These arguments fail. Viewing the facts in a light most favorable to the non-moving party, NVP has clearly pled (1) its ownership of the trade secrets, and (2) that YPI has threatened to disclose those trade secrets. NVP has expressly alleged in its counterclaims that YPI's intended acts constitute a "theft of [NVP's] data rights and a misappropriation of trade secrets in [NVP's] product formulations." (Countercl. ¶ 22). Furthermore, pursuant to § 35-52(a) of CUTSA, a claimant need not allege the "actual" misappropriation of a trade secret because relief can also be granted if a misappropriation is "threatened." Conn. Gen. Stat. § 35-52(a). Accordingly, NVP has stated a CUTSA misappropriation claim upon which relief can be granted, and YPI's motion to dismiss Count Four of NVP's counterclaims must be denied.

## IV. CONCLUSION

For the reasons stated above, YPI's Motion to Dismiss [Doc. Nos. 21, 22] is **granted in part** and **denied in part.** Count Three of NVP's Counterclaim is hereby dismissed.

SO ORDERED.

Dated at New Haven, Connecticut, this  21st  day of August, 2008.

>	/s/
> Peter C. Dorsey, U.S. District Judge
> United States District Court